**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHARLES KAPISH** *individually and t/d/b/a* **KAPS CONSTRUCTION,** Plaintiff | No. 3:15cv278 (Judge Munley) |
| v. | |
| **ADVANCED CODE GROUP, JEFFREY REMAS, and SHAWN BOLLES,** Defendants | |

## **MEMORANDUM**

Plaintiff Charles Kapish, individually and trading and doing business as Kaps Construction (hereinafter "plaintiff") asserts federal constitutional tort claims arising from his construction of a new home located in Pittston Township, Pennsylvania. Plaintiff asserts that Defendants, Advanced Code Group, Jeffrey Remas, and Shawn Bolles (collectively "defendants"), acting as building code inspectors, applied unfair and unequal interpretations of the local building code, causing delays and additional expenses to the completion of the new home. Before the court for disposition is defendants' motion to dismiss all claims within plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, the court will grant in part and deny in part defendants' motion to dismiss.

**Background**

In 2011, Eric and Kristin Endres contracted with Sennett Enterprises (hereinafter "Sennett") to construct a home in Pittston Township, Pennsylvania (hereinafter the "Endres Home"). (Doc. 1, Compl. ¶ 16). As the original contractor, Sennett drafted plan drawings, blueprints and specifications for the Endres Home. (Id.) Defendant ACG reviewed Sennett's plans and issued the necessary building permits. (Id. ¶ 17).

Subsequent to Sennett securing the building permits, Eric and Kristin Endres ended their business relationship with Sennett and engaged plaintiff to construct their new home for $311,375.00, exclusive of any add-on change orders. (Id. ¶¶ 15, 18). Plaintiff utilized Sennett's plans and building permits. (Id. ¶¶ 15-18, 20).

On November 12, 2012, Defendant Bolles performed a framing inspection of the Endres Home. (Id. ¶ 22). Bolles determined that the Endres Home had inadequate frames, and he directed plaintiff to submit engineering plans for the frames. (Id.) Bolles, however, did not issue a stop work order. (Id.) Because Bolles never issued a stop work order, plaintiff continued to rough-in electrical and plumbing. (Id.)

On December 19, 2012, defendants informed plaintiff for the first

2

time that they had shut down construction of the Endres Home in November 2012, following the failed framing inspection. (Id. ¶ 26). In response, plaintiff contacted Terry Best, Pittston Township Code Enforcement and Zoning Officer, and requested a hearing before the Pittston Township zoning board. (Id. ¶ 27). Plaintiff requested the zoning board review defendants' subjective interpretations of the local building code, which had caused a complete shutdown of all work on the Endres Home. (Id.) A week later, Terry Best advised plaintiff that the local zoning board did not have the authority to override defendants' inspections and stop work order. (Id. ¶ 28).

On January 14, 2013, plaintiff traveled to the Pittston zoning officer and spoke in-person with Terry Best. (Id. ¶ 29). While meeting with plaintiff, Best telephoned defendants and requested specific steps plaintiff must take to continue and complete the Endres Home. (Id.) Defendants instructed plaintiff to correct the following four (4) deficiencies: "(a) Steel beam to wood (drawing variation); (b) Dimensional lumber to engineered lumber; (c) Roof system framed L side front, made hip valleys & was not on plans, point loads not supported; and (d) Calculations needed . . . minimal specs needed to see if designed . . . if engineer say it will work &

3

sign off on it." (Id. ¶ 30).

Shortly thereafter, plaintiff hired CECO Associates, Inc. to perform engineering services and inspections of the Endres Home regarding defendants' four (4) deficiencies. (Id. ¶ 31). On January 24, 2013, CECO issued a detailed report stating that the structural framing members of the Endres Home, including the timber for the first floor joists, first floor joists themselves and the LVL joists, are adequate and "this construction appears to follow industry standards." (Id. ¶ 32). Defendants, however, failed to sign off on CECO's report. (Id. ¶¶ 33-34). Instead, defendants spent the next ten (10) months "fabricating" additional issues through the use of "unfair and unequal subjective interpretations of the [local] building code" causing plaintiff to incur additional expenditures and delays. (Id. ¶¶ 34-37). Plaintiff further asserts that during this ten (10) month period, defendants treated other contractors performing work with Pittston Township more favorably. (Id. ¶ 38). Specifically, defendants failed to hold other contractors to the same subjective zoning standards defendants applied to plaintiff. (Id.)

Based on these factual allegations, plaintiff filed a three-count complaint pursuant to 42 U.S.C. § 1983 (hereinafter "section 1983") on

4

February 8, 2015. (Doc. 1). Plaintiff asserts the following claims: Count I-equal protection under the Fourteenth Amendment; Count II-substantive due process pursuant to the Fourteenth Amendment; and Count III-procedural due process under the Fourteenth Amendment. On April 24, 2015, defendants filed a motion to dismiss all counts in plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The parties briefed their respective positions and the matter is ripe for disposition.

**Jurisdiction**

The court has federal question jurisdiction over this civil rights action brought under section 1983. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. §§ 1343(a)(3), (4) (granting district courts jurisdiction over civil actions brought to redress deprivations of constitutional or statutory rights by way of damages or equitable relief).

**Legal Standard**

Defendants filed their motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the

sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir.

6

2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

Plaintiff asserts his claims pursuant to section 1983. Section 1983 does not, by its own terms, create substantive rights. Rather, it provides remedies for deprivations of rights established elsewhere in the Constitution or federal law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to establish a claim under section 1983, two criteria must be met. First, a person acting under color of state law must have committed the complained of conduct. Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir. 1998). Second, the conduct must deprive the plaintiff of rights secured under the Constitution or federal law. Id. Here, the parties do not contest defendants acted under

7

color of state law.  Rather, the parties disagree as to whether the defendants deprived plaintiff of his constitutional rights.

The defendants challenge plaintiff's constitutional claims on three grounds.  First, defendants argue Count I should be dismissed because plaintiff failed to allege a Fourteenth Amendment equal protection claim.  Second, defendants contend Count II should be dismissed because the right to a proper building inspection is not a fundamental right protected under the Fourteenth Amendment's substantive due process clause.  Third, plaintiff's Fourteenth Amendment procedural due process claim, Count III, fails because plaintiff does not have a protected property interest in an adequate building inspection.  We address defendants' arguments *in seriatim*.

**A. Equal Protection Claim**

Plaintiff asserts a Fourteenth Amendment equal protection claim challenging defendants' selective and unequal enforcement of local zoning rules.  Specifically, plaintiff avers other similarly situated builders have not been held to the same rigorous zoning enforcement inspections and strict interpretations of the local building codes that plaintiff has endured.  (Compl. ¶¶ 34, 38-39, 41-43, 49).  Plaintiff, however, does not

assert that the differences in treatment stem from racial or other invidious forms of discrimination.  (Doc. 17, Pl. Sur-Reply at 2-5).  Thus, plaintiff advances his equal protection claim under the "class of one" doctrine.

The Supreme Court of the United States has "explained that '[t]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.'" <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000) (per curiam) (quoting <u>Sioux City Bridge Co. v. Dakota Cnty.</u>, 260 U.S. 441, 445 (1923)). Supreme Court jurisprudence has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." <u>Id.</u> (citations omitted).

To assert a claim under the "class of one" doctrine, a plaintiff "must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." <u>Hill v. Borough of Kutztown</u>,

455 F.3d 225, 239 (3d Cir. 2006). Stated differently, to survive a motion to dismiss, a complaint alleging a claim under the "class of one" doctrine must aver, at a minimum, that the defendant intentionally treated the plaintiff differently from others similarly situated and that there was no rational basis for such treatment. Phillips, 515 F.3d at 243. The plaintiff need not identify in a complaint actual instances where others have been treated differently to state a "class of one" equal protection claim; more general allegations are acceptable. Id. at 244 (citing Demuria v. Hawks, 328 F.3d 704, 707 (2d Cir. 2003).

In the instant case, plaintiff adequately avers a "class of one" equal protection claim. Plaintiff states other similarly situated builders have not been held to the same rigorous zoning enforcement inspections and strict interpretations of the local building codes that plaintiff has endured. (Compl. ¶¶ 34, 38-39, 41-43, 49). Plaintiff alleges defendants applied strict interpretations of the building code to him, while applying more lax building code enforcement to other contractors working in Pittston Township. (Id. ¶ 38). Plaintiff also claims defendants' favorable treatment to other contractors arose from their positive relationships with these contractors, as opposed to a rational government purpose. (Id. ¶ 42). In

short, plaintiff has sufficiently alleged facts to suggest that discovery may reveal evidence entitling plaintiff to relief. Therefore, the court will deny defendants' motion to dismiss plaintiff's equal protection claim.

**B. Fourteenth Amendment substantive due process**

Defendants next argue plaintiff has failed to allege a Fourteenth Amendment substantive due process claim. The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. AMEND. XIV. The substantive due process clause is a "component of the [Fourteenth Amendment] that protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" Collins v. City of Harker Heights, 503 U.S. 115, 125 (1992) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)). To establish a substantive due process claim, "'a plaintiff must prove [1] the particular interest at issue is protected by the [. . .] due process clause and [2] the government's deprivation of that protected interest shocks the conscious.'" Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 190 (3d Cir. 2009) (quoting Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008)).

In the instant matter, plaintiff has failed to allege the kind of government action necessary to met the "shocks the conscious" standard, which encompasses "only the most egregious official conduct."  United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa, 316 F.3d 392, 400 (3d Cir. 2003).  Plaintiff alleges defendants' application of stricter interpretations of the building code, which delayed plaintiff's project for several months and required additional expenditures to bring the project up to code, shocks the conscience.  This alleged "shocking" conduct, however, fails to rise to the level of action that has been found to present a substantive due process violation.  See, e.g., Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 286 (3d Cir. 2004) (stating "the kind of disagreement that is frequent in planning disputes" does not lead to a substantive due process violation and finding the following actions are not "conscience shocking": applying requirements to plaintiff's property not applied to other properties, making unannounced and unnecessary inspections and enforcement actions, delaying permits and approvals, improperly increasing tax assessments, and "malign[ing] and muzzl[ing]" the plaintiffs); Sameric, 142 F.3d at 594-96 (holding city's decision to designate theater as historic building and denying owner a permit to

12

demolish the theater was rationally related to land-use planning and therefore, did not violate the owner's substantive due process rights). Accordingly, the court will dismiss plaintiff's Fourteenth Amendment substantive due process claim.[1]

## C. Fourteenth Amendment procedural due process

Defendants' final argument seeks to dismiss plaintiff's Fourteenth Amendment procedural due process claim. To establish a violation of procedural due process, the plaintiff must prove that a person acting under color of state law deprived him of a protected property interest, and that the state procedure for challenging the deprivation does not satisfy the requirements of procedural due process. Parratt v. Taylor, 451 U.S. 527, 536-37 (1981); Chambers, 587 F.2d at 194. When a state "affords a full judicial mechanism with which to challenge the administrative decision" at issue, it provides adequate procedural due process, irrespective of whether plaintiffs avail themselves of the provided appeal process. DeBlasio v. Zoning Board of Adjustment, 53 F.3d 592, 597 (3d Cir. 1995),

---

[1] The court will dismiss this claim with prejudice as an amendment would be futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (holding that district courts must permit a curative amendment within a set period of time unless such an amendment would be inequitable or futile).

13

overruled on other grounds by United Artists Theatre Circuit v. Township of Warrington, 316 F.3d 392 (2003).  Indeed, "[i]t is the law of this Circuit that a state provides adequate due process when it provides reasonable remedies to rectify a legal error by a local administrative body." Bello v. Walker, 840 F.2d 1124, 1128 (3d Cir. 1988), overruled on other grounds by United Artists, 316 F.3d 392.

Assuming plaintiff has a protected property interest in obtaining the necessary permits to construct the Endres Home, plaintiff has failed to establish that he was denied due process under Pennsylvania's procedure for challenging land-use decisions.  In Bello, the Third Circuit noted that "Pennsylvania affords a full judicial mechanism with which to challenge [an] administrative decision to deny an application for a building permit." Id.  The Third Circuit also explained in Midnight Sessions, Ltd. v. City of Phila., that "[t]he availability of a full judicial mechanism to challenge the administrative decision to deny an application, even an application that was wrongly decided, preclude[s] a determination that the decision was made pursuant to a constitutionally defective procedure ." 945 F.2d 667, 681 (3d Cir. 1991), overruled on other grounds by United Artists, 316 F.3d 392.

Pennsylvania case law also provides a judicial mechanism to challenge a stop work order. Specifically, plaintiff may appeal the stop work order directly to the Pittston Township Uniform Construction Code Board of Appeals (hereinafter the "Board"). See In re Appeal of Miller, 81 A. 3d 1087, 1088-89 (Pa. Commw. Ct. 2013) (approving plaintiff landowner's appeal of a stop work order to the Board); Lower Mount Bethel Twp. v. N. River Co. LLC., 41 A.3d 156, 158 (Pa. Commw. Ct. 2012) (same); Samsel v. Unif. Constr. Code of Jefferson Twp., 10 A.3d 412, 413 (Pa. Commw. Ct. 2010) (same). Additionally, plaintiff may assert claims against the Board and zoning enforcement officers in the Court of Common Pleas. Such claims include, but are not limited to: (1) rescission of the stop work order; (2) promissory estoppel and (3) mandamus relief. Battiste v. Borough of E. McKeesport, 94 A.3d 418, 421 (Pa. Commw. Ct. 2014). In short, Pennsylvania provides adequate due process. As such, the court will grant defendants' motion to dismiss plaintiff's procedural due process claim.[2]

---

[2] The court will dismiss this claim with prejudice as an amendment would be futile. See Alston, 363 F.3d at 235 (holding that district courts must permit a curative amendment within a set period of time unless such an amendment would be inequitable or futile).

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss will be granted in part and denied in part. The motion will be granted with respect to Count II–plaintiff's Fourteenth Amendment substantive due process claim. This claim will be dismissed with prejudice. The court will also grant defendants' motion to dismiss Count III–plaintiff's Fourteenth Amendment procedural due process claim. This claim will be dismissed with prejudice. The court will deny the motion in all other respects. Therefore, the only pending claim is Count I–plaintiff's Fourteenth Amendment equal protection claim. An appropriate order follows.

Date:  09/01/2015                                s/ James M. Munley
                                                               JUDGE JAMES M. MUNLEY
                                                               United States District Court